**JOSEPH MACK and JEAN MACK, Plaintiffs**

**v.**

**TRAVEL SERVICES INCORPORATED, et al.,**

**Defendants**

Civil No. 1970-26

District Court of the Virgin Islands

Div. of St. Croix

January 31, 1975

J. MICHAEL SPENCER, ESQ., Frederiksted, St. Croix, V.I., *for plaintiffs*

ISHERWOOD & COLIANNI, ESQS. (THOMAS ALKON, of counsel), Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

MEMORANDUM OPINION AND JUDGMENT

This matter came for hearing before this Court on June 12, 1974. Plaintiff appeared in person and with his attorney, J. Michael Spencer, Esq. Defendant Travel Services, Inc. appeared through its counsel Isherwood, Colianni, Alkon and Barnard, Geoffrey W. Barnard, Esq., of counsel. Defendants British Motor Corp., Ltd., Austin Motor Company, Ltd., British Motor Holdings, Ltd. and Leyland Motor Holdings, Ltd. did not appear.

I

The record indicates that this action was originally filed against Travel Services, Inc. (a local St. Croix firm), British Motor Corporation, Ltd. and Austin Motor Company, Ltd., these latter two corporations having their principal offices in England. The local defendant was personally served by the U.S. Marshal in Charlotte Amalie, St. Thomas on February 18, 1970. The two English corporations were served by registered mail with return receipts indicating service on British Motor Corporation, Ltd. on July 21, 1970 and Austin Motor Company, Ltd. on the same date. British Motor Corporation, Ltd. was also served personally by a private process server in Longbridge, Birmingham, England, on March 19, 1970, and Austin Motor Com-

pany, Ltd. was likewise personally served by a private process server in Birmingham, England, on February 9, 1970. The returns of service were notarized and returned to St. Croix with appropriate Certificates of Magistracy.

The action came up on a routine calendar call on September 8, 1972. There being no appearance on behalf of the plaintiff, the Court sua sponte dismissed the action for lack of prosecution.

By motion dated November 6, 1972, plaintiff moved to reinstate the action and the action was reinstated by Order of November 6, 1972, there being no objection to the reinstatement by attorneys for Travel Services, Inc. [the only defendant that entered an appearance, but which filed no answer or other responsive pleading to the complaint].

On January 19, 1973, plaintiff's attorney filed his affidavit that in the course of litigation between these same parties in New Jersey, it was disclosed that British Motor Corporation changed its name to British Motor Holdings, Ltd. and thereafter merged with Leyland Motor Holdings, Ltd. to become British Leyland Corporation. Upon motion of the plaintiff, the complaint was amended to reflect the two British entities as British Motor Holdings, Ltd. and Leyland Motor Holdings, Ltd., as parties defendant. None of these British entities have filed any appearance, answer or other responsive pleading to the complaint. A default order was entered herein on April 18, 1973, adjudging defendants British Motor Corporation, Ltd., Austin Motor Company, Ltd., British Motor Holdings, Ltd. and Leyland Motor Holdings, Ltd. to be in default. Thereafter, on June 12, 1974, plaintiff, pursuant to Notice, presented evidence of damages against the British entities in default. Defendant Travel Services, Inc., through its counsel at this hearing, announced that it would not contest the issues of liability and damages.

## II

The action arises out of a vehicular collision in which the plaintiff was severely burned. On December 20, 1968, plaintiff Joseph Mack leased from defendant Travel Services, Inc. a 1967 Mini-Moke, manufactured and distributed by the above-mentioned British entities. Later the same day, the impact of plaintiff's rental automobile with another vehicle caused the ignition of a large quantity of gasoline which escaped from the fuel tank of the Mini-Moke and splashed all over plaintiff as he sat in the driver's seat above the fuel tank. As a result of this fire, plaintiff sustained burns of varying degrees over approximately sixty percent of his body.

An "Automobile Examination Report" prepared by a consulting engineer less than a week after the accident indicated in its conclusion that "[h]ad the gasoline tank in the Austin Mini-Moke driven by Mr. Mack been designed to meet the minimum standards of safety in construction and location, the driver would not have received burns as he did". I am, therefore, satisfied that all of the defendants in the chain of manufacturer to lessor are, to some extent, liable to plaintiff for the injuries he sustained. The exact nature of the liability, the relative proportion of wrong allocable to each defendant, and possible defenses to the action are issues which this Court need not confront nor determine in this default action.

## III

I now turn to the issue of damages. Briefly, plaintiff sustained burns over sixty percent of his body, with third degree burns over twenty-five to thirty percent, located mainly on the left arm, left lateral and posterior thorax and both legs. As a result of the foregoing injuries, plaintiff spent over six months in the hospital, wherein he ex-

perienced numerous skin grafting operations, burn treatment and therapy.

## IV

Plaintiff's medical expenses incurred since December 20, 1968 have been adequately established by both the schedule admitted into evidence and plaintiff's testimony to the effect that the sum of $48,601.59 adequately represents the costs of the extensive treatment and care received.

## V

█ The record shows that plaintiff was earning approximately $30,000.00 per year in the field of sales promotion prior to the date of injury, and since that time, his sole income has been the $3,772.07 he earned in 1973. From his own compelling testimony and a June 21, 1971 report by plaintiff's family physician, it is entirely conceivable that the extreme emotional and psychological effect the experience has had on plaintiff rendered him incapable of earning more than the stated amount in the ensuing period. Projecting an income for 1974 equal to that of 1973, I find that plaintiff has had a six-year loss of earnings equal to $172,456.00.

█ However, in the absence of any proof in the record to establish that such psychological condition continues to exist at present or will recur in the future, I must find that plaintiff's duty to mitigate future damages is not totally impaired. At hearing, plaintiff impressed the Court as a man of substantial intellect and ability. Add to this the fact that plaintiff, a man who has heretofore used his creative rather than physical attributes to earn a living, will not suffer disability to the same extent as a blue-collar worker. By the foregoing, the Court is not saying that plaintiff's present earning capabilities remain in the $30,000.00 range; for, as plaintiff has aptly pointed out, to

be out of the sales promotion or advertising business for a number of years is more debilitating than absence from most other professions would be. I find that plaintiff has the present potential to earn $15,000.00 per year, which would mitigate to the extent of one-half his normal yearly income rate. Assuming a working-life expectancy for plaintiff of 12.8 years as presented in testimony, and further assuming an annual income during that time of $15,000.00, I find lost future income in the amount of $192,000.00.

Consistent with the comments following Section 924(b) of the Restatement of Torts, controlling law in this jurisdiction, I must ascertain the present worth of the foregoing $192,000.00. For, any judgment rendered to compensate for the impairment of future earnings must be discounted to present worth [see Russsell v. City of Wildwood, 428 F.2d 1176 (3rd Cir. 1970)]; that is, to a sum that, when invested at a rate commensurate with the "current return upon long-term investments", will produce for Mr. Mack the amount of $192,000.00 over the 12.8 years of work-life expectancy. Discounting future loss of earnings at a rate of six percent (6%) per year, I find the present value thereof to be $91,000.00.[1]

## VI

Plaintiff's past pain is undeniably substantial, and his testimony on the matter can be fairly summarized in a few words: ". . . it was never a fear of dying, it was always a fear of living." For past pain, this Court deems $150,000.00 a fair sum.

---

[1] Present value can be determined from the following formula:

$$\frac{FV}{(1 + d)^n}$$

where FV represents future value of impaired earnings ($192,000.00), d represents the discount rate (6%), and n the work-life expectancy in years (12.8). See Speiser, Economic Handbook § 3:2 (1970).

## VII

According to a June 7, 1974 medical report in which plaintiff's physician describes his patient's then-existing condition as "permanent", plaintiff will forever experience itching and numbness over the damaged areas of his body due to severe impairment of sweat mechanisms and sensations. Moreover, the skin in these areas is "sensitive to mild trauma" and thus "abrasions are abnormally slow in healing". Finally, the contractures about plaintiff's left elbow have caused "permanent limitation of motion and associated muscular atrophy". For future pain and discomfort arising out of the aforementioned injuries, plaintiff is awarded $100,000.00.

## VIII

The value to be placed on plaintiff's disfigurement is a manifestly subjective appraisal. Indeed, the photographs of plaintiff's entire body, taken six months after the accident when he was discharged from the hospital, present a grisly picture. To some extent I was shown the disfigurement as it existed at the time of the hearing. It is clear that plaintiff has permanent and disfiguring scars over approximately sixty percent of his body, to which this Court assesses a monetary value of $100,000.00.

### JUDGMENT

In accordance with the above Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED, ADJUDGED and DECREED that plaintiff Joseph Mack recover of the defendants Travel Services, Inc., British Motor Corporation, Ltd., Austin Motor Company, Ltd., British Motor Holdings, Ltd., and Leyland Motor Holdings, Ltd., the sum of $662,057.59, together

with costs and partial indemnification for counsel fees in the amount of $5,000.00.